FILED
May 13, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

# No:03-14-00665-CV

## IN THE COURT OF APPEALS FOR
## THE THIRD JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN, TEXAS

### ERIC DRAKE

*Plaintiff–Appellant*

v.

### KASTL LAW FIRM P.C. ET AL

*Defendant–Appellee*

## ON APPEAL FROM THE 200TH DISTRICT COURT
## TRAVIS COUNTY, AUSTIN, TEXAS

### Trial Court No. D-1-GN-14-001215

## AMENDED BREIF OF APPELLANT ERIC DRAKE

**Eric Drake
Pro-Se
Appellant
PO Box 833688
Richardson, Texas 75083
214-477-9288**



RECEIVED
MAY 1 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Plaintiff/Appellant/Petitioner**

Eric Drake
Pro-Se
P.O. Box 833688
Richardson, Texas 75083
(214) 477-9288

**Defendants/Appellee/Respondents**

Seanna Willing

Scot Graydon
300 West 15TH Street, Ste 2
Austin, Texas 78701
512-475-4413

David Harris

Carl Ginsberg
300 West 15TH Street, Ste 2
Austin, Texas 78701
Telephone: 512-475-4413

Kristina Kastl

Kastl Law P.C.
4144 N. Central Expressway
Ste 300, Dallas, Texas 75204
Telephone: 214-821-0230

Frank Waite

Vikki Ogden
411 Elm Street, Ste 500
Dallas, Texas 75202
Telephone: 214-653-7568

i

# STATEMENT REGARDING ORAL ARGUMENT

Appellant has requested oral argument pursuant to the appeal filed herein. The Court should grant oral argument for the following reasons:

a). Oral argument would give the Court a more complete understanding of the facts presented in this appeal. See Tex. R. App. P. 39.1(c). This case is comprised of several issues: 1. Issues concerning if an order is obtained by fraud or perjury should it not be vacated. 2. Abuse of discretion by the trial court and failure of the trial court to follow TRCP recusal procedure 18a and 18b. 3. If there is a pending recusal motion filed by a party to a cause of action, whether or not a visiting judge can hear the case and sign orders before the recusal is properly adjudicated and disposed of by the proper judge. 4. Whether Appellee Seanna Willing proved that the Appellant Eric Drake had no reasonable probability of success against her and if Ms. Willing immunity prevented the Appellant from suing her.

b). Oral argument would also allow the Court to better analyze the legal issues presented in this appeal. Oral argument would allow the Court to hear from both sides of these issues and articulation of the statutes.

c). This appeal would benefit from oral argument and significantly aid the Court in deciding this case. See Tex. R. App. P. 38.1(e), 39.1(d).

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

---

## ISSUES PRESENTED FOR REVIEW

---

### ISSUE ONE

Whether or not the August 19, 2014 order signed by Judge Charles Ramsay is valid, and whether or not Judge Ramsay should had recused himself from hearing the August 19, 2014 hearing to declare the Appellant a vexatious litigant.

### ISSUE TWO

Whether or not Seanna Willing failed to prove that the Appellant could not prevail against her pursuant to the evidence that she submitted to the trial court on August 19, 2014. Trial Court abused its discretion by finding that Appellant had no reasonable probability of prevailing.

iii

## ISSUE THREE

Whether or not Warren Vavra had the proper legal authority to appoint Judge Charles Ramsay to rule on Seanna Willing August 19, 2014 hearing.

## ISSUE FOUR

Whether or not Judge David Phillips and Judge Stephen Yelenosky orders of recusals and referrals should be vacated.

## ISSUE FIVE

Whether or not the trial court complied with Chapter 11 of the Tex. Civ. Prac. & Rem Code, Rule 18a and 18b of the Tex. R. Civ. Prac., Rule 18a and 18b of the Texas R. Civ. Procedure and other state laws and statutes.

## ISSUE SIX

Whether or not the trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate in light of the fact that Judge Ramsay did not have the authority or jurisdiction to preside over Appellees Willing motion to declare him a vexatious litigant.

## ISSUE SEVEN

Whether or not the trial court abused its discretion in signing the August 19, 2014 order declaring the Appellant as a vexatious litigant was obtained by and through fraud, deception and perjury by Scot Graydon an assistant attorney general.

vi

## ISSUE EIGHT

Whether or not the trial court abused its discretion and erred when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate even after Appellant objected to Judge Ramsay of due process violations and violations under Chapter 11 of the Texas Civil Prac. & Remedies Code.

## ISSUE NINE

Whether or not the trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because there was a pending motion for recusal filed by the Appellant motion to recuse had not been referred to the administrative law judge and ruled on as required by the Tex. Rules of Procedure.

## ISSUE TEN

Whether or not the trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Appellee Willing's motion to declare Drake as a vexatious litigant was procedurally defective.

## ISSUE ELEVEN

Whether or not the trial court erred and abused its discretion in not ruling on Appellee Willing's plea to jurisdiction, or dismissing Willing as a defendant, and allowing Willing to file affirmative action when claiming immunity.

**ISSUE ONE:**

The order signed by Judge Charles Ramsay is not valid. Appellant objected to Judge Ramasy appointment on the day of the hearing, thus he should have recused himself from hearing the August 19, 2014 hearing . . . . . . . 16

**ISSUE TWO:**

Appellee Seanna Willing failed to prove by and through evidence submitted to the trial court that was entered into evidence that the Appellant could not prevail against her at the August 19, 2014 hearing . . . . . . . . . . . . . . . . 19

**ISSUE THREE:**

Warren Vavra did not have the legal authority to appoint Judge Charles Ramsay to hear the August 19, 2014 hearing . . . . . . . . . . . . . . . . . . . . . . 28

**ISSUE FOUR:**

Judges David Phillips and Stephen Yelenosky orders of recusal and referral should be vacated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

**ISSUE FIVE:**

The trial court failed to comply with Chapter 11 of the Tex. Civ. Prac. & Rem Code, Rule 18a and 18b of the Texas Rule of Civil Procedure, and other state laws and statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

**ISSUE SIX:**

Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate in light of the fact that Judge Ramsay did not have the authority or jurisdiction to preside over Appellees Willing motion to declare him a vexatious litigant . . . . . . . . . . . . . . . . . . . . . . . . . . 52

**ISSUE SEVEN:**

The August 19, 2014 order declaring the Appellant as a vexatious litigant was obtained by and through fraud, deception and perjury by Scot Graydon an assistant attorney general . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

**ISSUE EIGHT:**

Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate even after Appellant objected to Judge Ramsay of due process violations and violations under Chapter 11 of the Texas Civil Prac. & Remedies Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

**ISSUE NINE:**

Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because the trial court district judges had not responded or acted on Appellees jurisdictional issues or Appellant's special exceptions prior to assigning Appellee Willing motion to declare Drake a vexatious litigant and prior to actually signing of the motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

vii

**ISSUE TEN:**

Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Appellee Willing's motion to declare Drake as a vexatious litigant was procedurally defective . . 68

**ISSUE ELEVEN:**

The trial court erred and abused its discretion in failing to rule on Appellee Willing's plea to jurisdiction, before allowing Willing to file affirmative action when claiming immunity. If the trial court accepted Willing's immunity, it should have dismissed Willing as a defendant. But Appellee Seanna Willing's alleged immunity did not apply . . . 73

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

# INDEX OF AUTHORITIES

**Cases**             **Page**

Mitchell Energy Corp. v. Ashworth
       943 S.W.2d 436, 438 (Tex. 1997) . . . . . . . . . . . . . . . . . . 16, 17, 18

In re Union Pacific Resources Co.,
       969 S.W.2d 427, 428 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . 17, 46

Federal Sign v. Texas S. Univ.,
       951 S.W.2d 401, 405 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . 75

In re Perritt,
       992 S.W.2d 444; 1999 Tex. Lexis 42 Tex. Sup. J. 574 . . . . . . . . . 18

IT–Day,
       74 S.W.3d at 855 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Tex. Educ. Agency v. Leeper,
       893 S.W.2d 432, 37 Tex. Sup. Ct. J. 968 (Tex. 1994) . . . . . . . . . . 75

Printing Indus.,
       600 S.W.2d at 265-66 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Texas Workers' Compensation Comm'n v. Garcia,
       862 S.W.2d 61, 72 (Tex. App.--San Antonio 1993) . . . . . . . . . . . 75

# INDEX OF AUTHORITIES

**Cases**                                                   **Page**

Browning v. Prostok,
    165 S.W.3d 336, 346 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Austin Indep. Sch. Dist. v. Sierra Club,
    5 S.W.2d 878, 881 (Tex. 1973).. . . . . . . . . . . . . . . . . . . . . . 52

Easterline v. Bean,
    121 Tex. 327, 49 S.W.2d 427, 429 (1932) . . . . . . . . . . . . . . . . . 53

Mapco, Inc. v. Forrest,
    795 S.W.2d 700, 703 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . 53

Jeter v. McGraw,
    218 S.W.3d 850, 853 (Tex. App.--Beaumont 2007, pet. denied) 53

Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
    852 S.W.2d 440, 445 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . 53

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

Fed. Underwriters Exch. v. Pugh,
    141 Tex. 539, 174 S.W.2d 598, 600 (1943) . . . . . . . . . . . . . . . . 53

In the Guardianship of Erickson,
    208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006, orig. proceeding)
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

In the Estate of Bean,
    120 S.W.3d 914, 919 (Tex. App.—Texarkana 2003) . . . . . . . . . 53

Devoil v. State of Texas,
    155 S.W.3d 498; 2004 Tex.App. Lexis 10473 . . . . . . . . . . . 19, 61

Drake v. Andrews,
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 20, 23, 26, 51

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**


In re Complaint on Judicial Misconduct,
     U.S. Court of Appeal for the 9th Cir., 647 F.3d 1181; 2011 U.S. Lexis
     10438 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22


In re Norman,
     S.W.3d 858, 860 (Tex. App.- Houston [14th Dist.] 2006, orig.
     proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35


Norman,
     191 S.W.3d at 861 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38, 41


Brousseau v. Ranzau,
     911 S.W.2d at 892 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38


Greenberg, Benson, Fisk & Fielder v. Howell,
     685 S.W.2d 694, 695 (Tex. App.-- Dallas1984) . . . . . . . . . . . . . 47

# INDEX OF AUTHORITIES

**Cases**             **Page**

Texas State Employees Union/CWA Local 6184 v. Texas Workforce,
No. 3-99-171-CV, slip op. at 5. . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Lamberti v. Tschoepe,
776 S.W.2d 651, 652 (Tex. App.--Dallas 1989, orig. proceeding) . 48

McLeod v. Harris,
S.W.2d at 773 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 40, 52

In re Kiefer,
No. 05-10-00452-CV, 2010 Tex. App. LEXIS 4268, 2010 WL
2220588 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 47

In re Healthmark Partners, L.L.C.,
14-04-00743-CV, 2004 Tex. App. LEXIS 7636, 2004 WL 1899953,
(Tex. App.—Houston [14th Dist.] Aug. 26, 2004, orig . . . . . . . . . 41

Univ. of Tex. Med. Sch. at Houston v. Than,
901 S.W.2d 926, 929, 38 Tex. Sup. Ct. J. 910 (Tex. 1995) . . . . . . 75

# INDEX OF AUTHORITIES

**Cases**            **Page**

In re Rio Grande Valley Gas Co.,
 987 S.W.2d 167, 179-80 (Tex. App.—Corpus Christi 1999, orig.
 proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 50

Arnold v. State,
 853 S.W.2d 543, 544 (Tex. Crim. App. 1993 . . . . . . . . . . . . . . . . 41

Ex parte Sinegar,
 324 S.W.3d 578, 2010 WL 4320399, (Tex. Crim. App. 2010 . . . . . 41

In re Prudential,
 148 S.W.3d at 135 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Bruno v. State,
 916 S.W.2d 4, 7 (Tex. App.—Houston [14th Dist.] 1995, no pet) . 43

Goss v. Lopez,
 419 U.S. 565, 574, 95 S. Ct. 729, 736, 42 L. Ed. 2d 725 (1975)) . 75

State v. Benavides,
 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989) . . . . . . 75

ivx

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

In re Richard Castillo,
     1998 Tex. App. El Paso, Lexis 2473 ...................... 43

Douglas v. American Title Co.,
     (App. [1st Dist]), 2006, 196 S.W.3d 876 ............... 14, 26

Mullins v. Ortiz,
     (App. [10th Dist], 2009, WL 2264347 .................... 14

Martin v. Sykes,
     25 Tex. Supp., 198 ...................................... 55

McMurray v. McMurray,
     67 Tex. 665; 4 S.W.357; 1887 Tex. Lexis 943 .............. 56

Heath et al v. Layne et al,
     Supreme Court, 62 Tex. 686; 1884 Tex. Lexis 312 ........... 56

# INDEX OF AUTHORITIES

**Cases**                                                              **Page**

Lee v. Killian,
    761 S.W.2d 139; 1988 Tex. App. [2nd] Lexis 3173 . . . . . . . . . . . 56

Green v. Chandler,
    25 Tex. 148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

History Co. v. Flint, 4 Willson,
    App. §224, 4 Tex. Civ. Cas. 364, 15 S.W. 912 . . . . . . . . . . . . . . 57

Drinkard v. Ingram,
    2 Tex. 650, 73 Am. Dec. 250 . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Johnston v. Loop,
    2 Tex. 331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Bankers v. Calhoun,
    (Tex. Civ. App.) 209 S.W. 826 . . . . . . . . . . . . . . . . . . . . . . . . . 57

# INDEX OF AUTHORITIES

**Cases**                                                                                              **Page**

Walling v. Metcalfe,
      863 S.W.2d 56, 57, 37 Tex. Sup. Ct. J. 18 (Tex. 1993). . . . . . . . . 56

Stanfield v. O'Boyle,
      462 S.W.2d 270, 272 (Tex. 1971) . . . . . . . . . . . . . . . . . . . . . . . . 58

Stone v. Williams,
      358 S.W.2d 151 (Tex. Civ. App.—Houston 1962) . . . . . . . . . . . 58

Stephens v. Turtle Creek Apartments, Ltd.,
      875 S.W.2d 25, 26 (Tex. App—Houston [14th Dist.] 1994, no writ) . .
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

Texas Dep't of Parks & Wildlife v. Miranda,
      331 S.W. 3d 217, 226 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 65

University of Tex. V. Poindexter,
      306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.) . . . . 65

**Cases**                                                                 **Page**


Cameron v. Children's Hosp. Med., Ctr.,
         131 F.3d 1167, 1170 (6th Cir. 1997)) . . . . . . . . . . . . . . . . . . . . . 65


Martin v. National Instruments Corp.,
         Court of Appeals, [3rd Dist.] 2013 Tex. App. Lexis 7021 . . . . . . 65


Venable v. Sherbet,
         Court of Appeals, [5th Dist.] 365 S.W.3d 359; 2010 Tex. App. Lexis
         9083 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66


City of Austin v. Savetownlake.Org,,
         Court of Appeals of Texas, [3rd Dist.] Austin 2008 Tex. App. Lexis
         6471 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66


Amir-Sharif v. Quick Trip Corp.,
         (App. [5th Dist.]) 2013, 416 S.W.3d 914 . . . . . . . . . 25, 26, 51, 62


In re Guilbot,
         2009 (Tex. App.—Houston [14th Dist.] no pet) . . . . . . . . . . 32, 43


Wanzer v. Garcia,
         2009, (Tex. App. [4th Dist.] 299 S.W.3d 821 . . . . . . . . . . . . . . . 14

City of Friendswood v. Registered Nurse Care Home,
965 S.W.2d 705, 707 (Tex. App.--Houston [1st Dist.] 1998). . . 75

Brown v. Ke Ping Xie,
260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

## STATUTES

Tex. R. Civ. P., 18a and 18b . . . . . . xix, xxii, 3, 15, 29, 30, 34, 35, 37, 38, 39, 40, 43, 44, 45, 47, 48, 49

Article V, Section 11 of the Texas Constitution . . . . . . . . . . . . . . . . . . . 22

Tex. Gov't Code Ann. § 74.053(b) (1998) . . . . . . . . 17, 18, 28, 29, 40, 51

Chapter 11 of the Tex. Civ. Prac. & Rem. Code . . xix, xxii, 11, 16, 18, 20 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 58

Tex. Gov't Code Ann. § 25.00255(f) . . . . . . . . . . . . . . . . . . . . . . . . . . 37

The Uniform Declaratory Judgment Act (UDJA) . . . . . . . . . . . . . . . . 76

U.S. CONST. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

TEX. CONST. Art. I, § 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

42 U.S.C. 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

**TO THE HONORABLE COURT OF APPEALS:**

Now comes, Eric Drake (Drake), Appellant, and files this his Appellant's Brief and would show:

There is only one volume of Clerk's Record in this appeal. Appellant shall cite to the Clerk's Record as (**CR**) followed by the number of the page(s) assigned by the Clerk. In addition, Appellant shall cite to the Recorders Record as (**RR**) followed by the number of the page(s) assigned by the Clerk.

## APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant, Eric Drake ("Drake"), submits his Appellant's Brief.

## STATEMENT OF THE CASE

TO THE HONORABLE JUSTICES OF SAID COURT:

Appellant filed suit against Kastl Law Firm, Carl Ginsberg, Seanna Willings, and Vikki Ogden alleging the following: Against Kastl Law Firm: conspiracy, malpractice, common law fraud, fraud by nondisclosure, negligent misrepresentation, breach of contract, breach of standard of care, violations of the DTPA, and Unjust Enrichment. Appellant alleged against Vikki Ogden the following: Breach of Standard of Care, Conspiracy, Negligent Misrepresentation, and Fraud by Nondisclosure and Common-Law fraud. Appellant requested injunctive and declaratory relief form Carl Ginsberg, Court Reporters Certification Board, and Seanna Willings.

The trial court judges conspired to deny Appellant Motion to Compel. Appellant filed a motion to recuse all of the judges because he believed that there was not a possibility of him obtaining a fair hearing by any of the trial

1

court district judges. Drake filed a motion for nonsuit to escape further abuse by the judges who sought to misuse their authority to assist the defendants in the trial court.

Appellee Willing through her attorney, Scott Graydon filed a motion to declare Appellant a vexatious litigant. Appellant arrived at the Travis County court believing that his case was nonsuited to obtain a copy of the document only to discover that Seanna Willing demanded a hearing on their motion to declare Drake as a vexatious litigant.

Warren Vavra, who is not an attorney, and has no authority to appoint a visiting judge to hear cases, appointed (Judge Strauss) whom the Appellant objected to, shortly thereafter Vavra appointed another visiting judge (Charles Ramsay) whom the Appellant likewise objected to, but Judge Ramsay refused to recuse himself and heard Seanna Willings motion.

On August 19, 2014, even though Appellant Drake objected to Ramsay's he continued to preside over Seanna Willing's wrongful actions to declare Appellant Drake as a vexatious litigate.

Judge Charles Ramsay does not qualify as a retired judge but as a former judge. His appointment was in error because none of the judges that

2

the Appellant recused had acted on their recusals or referrals by the time Ramsay was appointed and ruled.

Appellant filed a motion to recuse all of the district judges in Travis County because of unfairness that he received when three judges conspired to have an order signed by one of the defendants dismissing Drake's motion to compel hearing on August 7, 2014. None of the judges responded to Appellant's motion to recuse, they failed to recuse or to refer, thus violating the Texas Rules of Civil Procedure 18a and 18b.

On August 19, 2014 a district judge signed a referral, pursuant to Drake's Motion to Recuse, but it came too late after Judge Ramsay had been wrongfully appointed to hear Appellees motion to declare Appellant as a vexatious litigate and had ruled on the motion.

Each defendant in the trial court filed motions to quash depositions, and those whom the Appellant subpoenaed to testify at the hearing were not ruled on. Appellant has a right to have witnesses at Willing's hearing to declare him as a vexatious litigant. Ramsay violated Drake's due process rights, and he did so knowingly because Drake informed Ramsay of these violations.

3

The trial court district judges and Ramsay violated Tex. R. Civ. P. 18a and 18b, and Chapter 11 of the Texas Civ. Prac. Rem. & Code. Judge Ramsay granted Appellee Motion to Declare Appellant as a vexatious litigate in light of all of the aforementioned violations, and Signed and Enter the Order without having a hearing on Drake's motion to recuse, or defendant's motions to transfer or having a ruling on the motions to transfer, or defendant's motion to quash or without having a hearing on defendant's motion to transfer, without having authority to hear Appellees motion because he was not properly appointed or assigned, did not have the right to refuse Drake's objection of his presiding and hearing Appellees Motion to Declare Appellant as a vexatious litigant.

On August 19, 2014, during the hearing on Willing's motion to declare Drake as a vexatious litigant, Appellant was prohibited from securing the witnesses he had subpoenaed.

Appellee Seanna Willing failed to submit to the trial court sufficient evidence, which would have proved that there was not a reasonable probability that Appellant, would not have been successful against her. Appellant was asking the trial court for an injunction and declaratory judg-

4

ment against Appellee Willing and Ginsberg, as well as damages against both Willing and Ginsberg. Scot Graydon offered only hearsay evidence to the trial court. Judge Ramsay wrongfully granted Appellees Seanna Willing Motion to Declared Appellant as a Vexatious Litigate.

On September 15, 2014, Appellant filed a Mandamus with this Court, but the Court denied Drake's mandamus. Appellant then filed a motion for rehearing and a motion to recuse two of the justices on September 26, 2014. This Court also overruled those motions wrongfully.

Appellant filed a Mandamus with the Texas Supreme Court; however, the Supreme Court of Texas would not accept Appellant's mandamus for the reason that he had not obtained permission with the local administrative judge. Appellant attempted to obtain permission but Judge Lora Livingston, who is the Travis County Local Administrative Judge refused to respond to the Appellant's requests. Appellant complained to the Supreme Court of Texas regarding Judge Livingston's behavior, but the court failed to do anything about Livingston's conduct. Thus, all of the Supreme Court justices and Livingston shall become defendants in a federal lawsuit.

Judges Charles Ramsay and Lora Livingston and other trial court judges in Travis County will become defendants in an upcoming federal

lawsuit. Moreover, no administrative judge ruled on the "late" referrals or recusals filed by one district judge and one county judge. This case has been a clear violation of the Appellant's rights and of Texas laws, due process, the Texas Constitution, and the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Code.

## II.
## STATEMENT OF FACTS

A. **Pre-Trial History of this litigation.**


**BRIEF HISTORY OF EVENTS IN THE TRIAL COURT:**


A. **On April 28, 2014**, Appellant filed suit in Travis County against defendants Judge Carl Ginsberg, Kristina Kastl, Kastl Law firm, Vikki Ogden, Court Reporters, and Seanna Willing. After Appellant moved for discovery, each and every one of the defendants filed motions to quash, and many of them filed motions to transfer.

B. **On June 17, 2014**, Defendant Carl Ginsberg filed a motion to transfer and to declare Appellant as a vexatious litigate.

C. **On July 3, 2014**, Defendant Vikki Ogden filed a motion to transfer and notice of vexatious litigate order.

7

D. **On July 11, 2014**, Defendant Kastl Law PC filed a motion to transfer and notice of vexatious litigate order.

E. **On July 15, 2014**, Defendant Carl Ginsberg filed a motion for protection.

F. **On July 16, 2014**, Defendant Kastl filed a motion to quash deposition and protection.

G. **On July 16, 2014**, Appellant filed a motion to continue to obtain limit discovery to properly respond to defendant's motions to transfer.

H. **On July 16, 2014**, Appellant filed a motion for evidentiary hearing.

I. **On July 17, 2014**, Defendant Vikki Ogden filed a motion to quash deposition.

8

**J. On July 24, 2014,** Appellant filed a motion to compel to try and obtain limited discovery in the Trial Court lawsuit.

**K.** Appellant set a hearing on his motion to compel on August 7, 2014. Appellant appeared in Trial Court for the hearing. Assistant attorney general Scot Graydon conspired with Kastl's employee to obtain an order denying the Plaintiff's motion to compel hearing.

**L. On August 7, 2014,** Appellant filed a motion to recuse all of the district judges as well as County judges.

**M. On August 19, 2014,** Appellant was at the court to get a copy of an order of his motion for nonsuit. To Appellant's surprise, Appellee Willing motion to declare him as a vexatious litigate was still going to

9

be heard because Scot Graydon demanded it, though the judges opinion was that the lawsuit was dismissed.

N. On August 19, 2014, Appellant objected to the assignment of judges, and objected to the proceeding but the trial court moved forward with the hearing.

O. During the August 19, 2014 hearing, Scot Graydon lied to the trial court claiming that he had conference with Appellant regarding his motion to declare him as a vexatious litigant.

P. Once a recusals are filed, a judge cannot do nothing. Yet this is what all of he judges did in Trial Court— nothing.

Q. Judges filing a recusal and referral after visiting judge had been assigned will not cure the blatant disregard

10

for proper procedure and ethics by the judges in Trial Court.

**R.** The defendant's motions to transfer had not been ruled on or decided at the time the visiting judge ruled on Appellee Willing motion to declare Appellant as a vexatious litigant.

**S.** The defendant's motions to quash had not been ruled on at the time the visiting judge ruled on Appellee Willing motion.

**T.** Ramsay could not had been properly assigned because the court administrator, Warren Vavra had no authority to assign judges, because he is not a judge. Furthermore, the judges the Appellant recused had to act within three (3) days as the Tex. R. Civ. P.

11

**B.** **Post Judgment**:

Appellant properly and timely filed his notice of appeal on September 18, 2014; however, this notice disappeared from the trial court docket. Likewise, Appellant's September 19, 2014 notice of appeal that he sent by U.S. Mail also disappeared from the trial court docket. Thereafter, Drake filed yet another notice of appeal on October 19, 2014.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to section 22.221 of the Texas Government Code. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004).

# III.
# ARGUMENT

A.    **Standard of Review**
      **Chapter 11—Texas Civil Practice & Remedies Code.**

Court of Appeals review trial court's determination of vexatious litigant as abuse of discretion. *Wanzer v. Garcia* (App. [4th Dist.]) 2009, 299 S.W.3d 821. *Douglas v. American Title Co.* (App. [1st Dist], 2006, 196 S.W.3d 876. *Mullins v. Ortiz*, (App. [10th Dist]), 2009, WL 2264347.

Pursuant to Tex. Civ. Prac. & Rem. Code § 11.054, a court may find a "plaintiff" as a vexatious litigant if the defendant shows in a seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, that plaintiff has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the plaintiff. However, a defendant must first satisfy the requirement in section 11.054 of Chapter 11 of the Tex. Civ. Prac. & Rem. Code; by showing there is not a reasonable probability that the plaintiff will prevail in the litigation. *In re Douglas*, Court of Appeals of Tx., [First Dist.] Houston, 333 S.W.3d 273; 2010 Tex. App. Lexis 7338; *Drake v. Andrews*.

**B.**   **Standard of Review.**
**Rule 18a and 18b—Texas Rules of Civil Practice**

The denial of a motion to recuse is reviewed under an abuse of discretion standard. See Tex. R. Civ. P. 18a(f). The standards are set by the Supreme Court of Texas in *Dolgencorp Tex. Inc., v. Lerma*, 288 S.W. 3d 922, 926 (Tex. 2009).

**D. ISSUE ONE:**

**The order signed by Judge Charles Ramsay is _not_ valid. Appellant objected to Judge Ramasy before he began to preside over the August 19, 2014 hearing.**

On August 19, 2014, Appellant objected to Judge Strauss who was appointed to hear Appellee Willing's motion to declare Appellant as a vexatious litigant (**RR: Vol 1, P: 5, L: 2–11**). Thereafter, Warren Vavra, who had no authority to assign judges, assigned yet again another judge, [Charles Ramsay] to hear Appellee Willing's motion to declare Appellant vexatious. Drake also objected to Judge Ramsay (**RR: Vol 3 of 4, P: 10, L: 14–25; P: 11, L: 1—25; P: 12, L: 1—23**).

Appellant objected to Ramsay before he began presiding over Willing's motion to declare Appellant as a vexatious litigate. Judge Ramsay chose to continue to preside over the August 19, 2014 motion hearing, rather than recuse himself (**RR: Vol 3 of 4, P: 15, L: 2–3**). Moreover, Judge Ramsay is not considered a "retired judge." A "retired" judge is a judge receiving an annuity under the Texas Judicial Retirement System. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To receive such an annuity, a judge must meet requirements about either the length of service or service plus age. *Id.* Judge Ramsay is considered as a

16

former judge. According to the Supreme Court, a former judge, is a judge who has not vested under the state judicial retirement system when she left office. *See Mitchell Energy*, 943 S.W.2d at 438-39. Any later-acquired status will not remove the judge from the category of former judges, i.e, those who may be removed by objection of either party under Section 74.053(d). *Id.*

Judge Ramsay was disqualified to proceed over Willing's motion to declare Appellant vexatious for all the reasons asserted in this brief. Appellant may raise Ramsay's qualifications for the first time on appeal. *In re D.C. Jr., 2010 WL 3718564* (Tex.App.—Amarillo 2010, no pet).

Under the Tex. R. Civ. P. a former judge can be objected to as many times as a party desires. When the Appellant objected to Judge Ramsay and he failed to recuse himself or remove himself from presiding over the Appellees motion to declare the Appellant as a vexatious litigant, the order signed on August 19, 2014 is void and should be vacated. **(CR: Vol. 1 of 1, P: 547—555).** Moreover, the trial court erred in that the Appellant received no prior notice of Judge Ramsay's appointment before the hearing date.

When a proper objection under section 74.053 is filed, but the objectionable judge refuses to remove himself from the case, the objecting party is entitled to appellate relief. *See In re Union Pacific Resources Co.,*

17

969 S.W.2d 427, 428 (Tex. 1998) (citing *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 440-41; *Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218, 221 (1947)).

Judge Ramsay, who qualifies as an "former judge" should have recuse himself or removed himself from presiding over the motion on August 19, 2014. *In re Perritt*, Supreme Court of Texas, 992 S.W.2d 444; 1999 Tex. Lexis 42 Tex. Sup. J. 574.

Section 74.053(d) permits ***unqualified objections*** to the assignment of any former judge, such as the Judge Ramsay. See *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436 (Tex. 1997). A judge's status is fixed when a judge leaves office. *Mitchell Energy Corp.,* 943 S.W.2d at 437. Thus, a former judge, who accumulates additional service time as a visiting judge and subsequently retires, does not become a retired judge for purposes of Section 74.053.

As equally as important: the trial court's record contains no order from the administrative judge, ordering the assignment of Judge Ramsay to hear Appellee Willing's motion to declare Appellant vexatious prior to the August 19, 2014, hearing.

18

E. **ISSUE TWO:**

**Appellee Seanna Willing failed to prove by and through evidence submitted to the trial court that was entered into evidence on August 19, 2014, hearing that the Appellant could not prevail against her.**

Appellant's cause of action against Appellees Seanna Willing was not based on the same or substantially similar facts, transition, or occurrence, which is required by section 11.054. *Devoil v. State of Texas,* 155 S.W.3d 498; 2004 Tex.App. Lexis 10473. Appellee Willing did not establish in the trial court that Appellant could not prevail in his lawsuit against her. Scot Graydon, counsel for the Appellees provided no proof that Appellant could not be successful against Willing. In light of Appellant's attempts to obtain limited discovery through depositions and his attempts at subpoenas to have same witnesses to testify, the trial court never addressed those issues, nor did any judge (**CR: Vol 1, P: 159—172**), **CR: Vol 1, P: 206—209**), (**CR: Vol 1, P: 245—255**), (**CR: Vol 1, P: 239—242**), (**CR: Vol 1, P: 219—223**).

Appellees failed to prove that Appellant did not have a reasonable probability of prevailing; counsel for Willing just made the statement, *"Appellant have no probability of prevailing"* to the trial court without sworn affidavits or proof of any kind which does not satisfy Chapter 11 of

19

the Tex. Civ. Rem Code, 11.054. (**RR: Vol 1, P: 5, L: 2–11**). Graydon only referred to Willing's immunity. Appellant has uncontroverted proof to offer any trial court that Appellee Willing failed to investigate his case against Judge Martin Hoffman properly. Considering the fact that the Appellant was requesting an injunction and declaratory judgment against Appellee Willing in her official capacity, which is allowed, she horribly failed to prove the first prong in declaring Appellant vexatious, as Andrews did in *Drake v. Andrews*. Evidence was prevented from being offered into evidence because the trial court erred by not addressing the pending motions to quash that prevented Appellant from obtaining limited discovery. Appellant also filed suit against Willing as a "person" or "individual capacity" and asked for damages. *Brown v. Brown*.

Scot Graydon advised the trial court that Appellant had already been declared a vexatious litigant by another court, which is partly true. Mr. Graydon just failed to inform the trial court that the 5th court of appeals in Dallas overturned that order. This failure to be completely truthful wasn't an error on part of the Appellee Willing or her attorney, but it was to accomplish their task of labeling Appellant as a vexatious litigant at any cost, even at the expense of misleading the trial court, and perjury.

20

Defendant Carl Ginsberg, a district judge in Dallas County, filed a notice that Appellant was a vexatious litigate, and then he ordered Appellant to seek permission before going forward. Thereafter, Ginsberg dismissed Appellant lawsuit against Kastl and Ogden.

However, Appellant Drake dismissed his case before Ginsberg's order **(CR: Vol 1, P: 576–590)**. The judge in a lawsuit cannot raise the issues of whether a "plaintiff" is vexatious as Ginsberg in Drake's case without holding a hearing. It is the defendants who must make this motion. Because Ginsberg dismissed Appellant's case and it was involuntarily done, the dismissal superseded the vexatious litigate order signed by Ginsberg.

Appellant provided Appellee Willing with uncontroverting evidence that clearly demonstrated that judge Martin Hoffman treated the Appellant differently than he did white attorneys.

This evidence to Appellee Willing was provided to her in the form of a magnetic tape recording—in person. Yet, Willing made the comment to Appellant with such evidence, "Who could say a good word about your character." The Appellant's character was not the subject to be scrutinized, but it was judge Martin Hoffman's desires to purposely harm the Appellant cases on account of his race.

21

Appellant filed a motion to recuse and disqualify Hoffman. A hearing was conducted. And an officer of the court, Robert Goodman Jr., testified that Hoffman was hostile toward Appellant. Willing was given a copy of the transcript of the hearing were Goodman's testified.

The grounds for recusal and disqualifications are set out in Article V, Section 11 of the Texas Constitution.

In fact, Hoffman committed a crime in one of the Appellant's claims against Travelers Insurance Company by facilitating or aiding obstruction of justice. Hoffman failed to recuse himself for improper purposes. *In re Complaint on Judicial Misconduct*, U.S. Court of Appeal for the 9th Cir., 647 F.3d 1181; 2011 U.S. Lexis 10438.

The Appellant's complaint that he filed with Appellee Willing contained uncontroverting evidence; however, Willing did not find it necessary to act on Appellant's complaint.

Pursuant to Chapter 11 of the Tex. Civ. Prac. & Rem. Code, Appellee Willing failed to comply with Section: 11.054. CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT. A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against a "defendant."

22

Appellee Willing provided inadequate evidence to the trial court that Drake would not prevail in his suit against her. Willing provided no affidavits, no sworn statements, and she refused to testify. As explained herein, the Appellant was suing Seanna Willing in her official capacity and individual capacity.

Notwithstanding, Appellant was not attempting to relitigate any claims against Appellee Willing, nor was there any proof provided to the trial court of that fact. Willing only advised the trial court that she had sovereign immunity **(RR: Vol 3 of 4, P: 26, L: 23)**, however, even judges can be sued and they also enjoy sovereign immunity.

This in itself does not prove that the Appellant did not have the ability to prevail against Appellee Seanna Willing, because Drake was seeking an injunction against Appellee Willing.

Appellee also failed to provide to the trial court any case law that a person that has sovereign immunity is immune against injunctive or declaratory relief. Similar to the Andrews case, counsel for Willing focused on Appellant's litigation history, which many of the cases presented to the trial court had been settled or did not qualify under Chapter 11 of the TCP&RC.

23

Appellant argued to the trial court that because of violations of due process, he was prevented from proving his case against any of the defendants (**RR: Vol 3 of 4, P: 31, L: 8—13**) (**RR: Vol 3 of 4, P: 31, L: 23—25, and P: 32, L: 1—9**). Appellant makes the same argument before this Court. Appellant advised the trial court that Appellee Willing failed procedurally, in that Willing failed to prove that all of the defendants that the Appellate sued in the trial court were equally frivolous.

Appellee Willing failed procedurally to bring her motion against Drake. (**RR: Vol 3 of 4, P: 32, L: 14—22**), (**RR: Vol 3 of 4, P: 38, L: 7—8**). Appellant cautioned the trial court that it failed to follow procedure and the Texas Rules of Civil Procedure (**RR: Vol 3 of 4, P: 39, L: 4—17**). Appellee Willing advise the trial court of a case that Appellate filed in Dallas County, DC-13-14911, that the Appellant has already shown was properly dismissed by Drake before the judges actions (**RR: Vol 3 of 4, P: 47, L: 10—19**).

If given the opportunity to orally examine Appellee Seanna Willing, it would had been proven that Appellee Willing failed horribly to investigate Appellant's claims against Judge Hoffman and other judges.

24

This is the reason why Willing, Kastl, and Ogden filed motions to quash, to prevent their oral examinations. But the trial court assisted them by conspiring together to block the Appellant from obtaining discovery by denying Appellant's motion to compel hearing on the day of the hearing for his motion to compel **(CR: Vol 1, P: 219–223), (Vol 2 of 4, P: 8, L: 10— 25, and P: 9, L: 1—20)**. The trial court judges conspired against the Appellant to overcome his pending motion to compel.

When a defendant seeks a vexatious litigant declaration, the plaintiff may offer evidence to show there is a reasonable probability he _will_ prevail in the litigation. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914. As argued herein, the Appellant was prohibited in acquiring his witnesses by motions to quash that the trial court never ruled on before the trial court assigned improperly a visiting judge to hear and ruled on Appellee Willing motion to declare Drake as a vexatious litigant. Appellant argued before the trial court that he has been prevented from obtaining his witnesses, which is a due process violation and Drake argues the same in this Court. **(RR: Vol 2 of 4, P: 10. L: 16—21)**. All of the defendants in the trial court filed motions to quash, which the trial court

25

never address, though the Appellant sought limited discovery **(CR: Vol 2 of 4, P: 234—244), (CR: Vol 2 of 4, P: 245—255), (CR: Vol 2 of 4, P: 534—543).**

As in *Drake v. Andrews*, Appellee Willing did not offer sufficient evidence to prove that there was no reasonable probability that Appellant could not prevail in his lawsuit against her. *Drake v. Andrews*, (App. [5th Dist.], 2009, 294 S.W.3d 370. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914.

Appellant also argued that Appellee Willing failed to prove that Appellant filed 5 (five) qualifying lawsuits that were ruled against him. *Douglas v. American Title Co.* (App. [1st Dist.], 2006, 196 S.W.3d 876. Appellant filed a motion to vacate vexatious order **(CR: Vol 1, P: 608—614).** "Defendant offered insufficient evidence that there was no reasonable probability plaintiff could prevail in lawsuit, as required to support dismissal of suit on ground that plaintiff was vexatious litigant. *Drake v. Andrews* (App.5 Dist. 2009) 294 S.W.3d 370."

When there are multiple defendants in a litigation, the defendant who is bringing the motion to declare the "plaintiff" vexatious, must either apply

26

proper procedure or prove there is not a reasonable probability that the "plaintiff" would prevail against all defendants in the litigation—not just a select defendant in the lawsuit—unless the defendant take the proper legal steps, which Appellee Seanna Willing failed to do either.

Plaintiff does not have to show that his claims against any of the defendants can be proven beyond a reasonable doubt, he only has to prove that his claims are not frivolous to evade being labeled as a vexatious litigant, which is a lesser standard than a preponderance of evidence.

Appellee Seanna Willing must prove that Drake's litigation is frivolous as a whole. However, Appellee Willing at the August 19, 2014 hearing was unable to prove this point.

Scot Graydon perjured himself multiple times to the trial court by stating that he conference with the Appellant. (**RR: Vol 3 of 4, P: 45, L: 1— 14**). Quite the opposite, Appellant swears under the penalty of perjury that Scot Graydon did not conference with him. *See* Exhibits [Appellant's Affidavit] attached to Appellant's Third Amended Response to Vexatious Litigant Order and Appellant's Motion to Vacate Vexatious Litigant Order (**CR: Vol 1, P: 616–618**),(**CR: Vol 1, P: 624—626**).

## F.   ISSUE THREE:

**Warren Vavra did not have the legal authority to appoint Judge Charles Ramsay to hear the August 19, 2014 hearing**

Appellant objected to Warren Vavra in the appointment of a visiting judge, (Charles Ramsay) because Mr. Vavra is not a judge and pursuant to the Tex. R. Civ. Practice he does not have the authority to appoint a judge in the context of the Appellant's circumstances. Warren Vavra, is the trial court's administrator, who isn't the regional presiding judge, nevertheless, he assigned Judge Charles Ramsay to hear and rule on Appellees Willing's Motion to Declare Appellant as a vexatious litigate, which was error.

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979), the Supreme Court interpreted a statute, subsequently codified as section 74.059 of the Government Code, which provided that a "district judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court." TEX. GOV'T CODE ANN. § 74.059 (Vernon 1988) (formerly TEX. REV. CIV. STAT. ANN. art. 200a, § 6). Warren Vavra is *not* a judge nor is Mr. Vavra the administrative judge and thus the assignment of Charles Ramsay was a procedural error and any judgments or orders made by that judge should be

28

vacated. The presiding judge of the administrative region or the Chief Justice of the Tex. Supreme Court makes assignments of judges. Court. Gov't Code §74.056(c); *Chandler v. Chandler*, 991 S.W.2d 367, 379 (Tex. App.—El Paso 1999). Tex. R. Civ. P. 18a; *See* also Tex. Gov't Code Ann. § 74.059(c)(3) (West 2005) (judge must "request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court").

Mr. Vavra advised Mr. Graydon (Willing lawyer) and the Appellant that the court had signed Drake's motion of nonsuit, on August 19, 2014. Therefore, the trial court failed to follow the TRCP in many ways. Appellee Willing cannot overcome violating the Tex. R. Civ. P., in order to try and declare the Appellate as being vexatious.

At the time Vavra assigned Judge Strauss and Judge Ramsay, he was fully aware that the Appellant had filed recusals against all of the district judges and that the Appellant's recusal motion had not been heard. Mr. Vavra was fully aware that Appellant filed a motion to recuse all of the district judges in Travis County, because he said so. And on August 19, 2014 Vavra admitted to Appellant that Willing's motion hearing wasn't on the docket.

29

## G. ISSUE FOUR:

**Judges David Phillips and Stephen Yelenosky orders of recusal and referral should be vacated**

The August 19, 2014, order declaring Drake vexatious is void because even though Judges Phillips and Judge Yelenosky filed sham orders to attempt to make it appear as if they were complying with Tex. R. Civ. P., 18a; Judge Phillips did not indicate if he was recusing himself or refusing to recuse himself and referring—in other words, the order he signed is as if he never signed the order if the ORDER itself does not indicate what the judges position is on the matter.

The Tex. R. Civ. P., clearly set forth, a judge must either recuse or refer. Moreover, Phillips order to recuse was not referred to the judge of the administrative judicial district, as Rule 18a requires. And because Phillips failed to refer his recusal, procedurally his August 19, 2014 order is invalid, and defective. But more importantly Phillips order was signed too late and should be vacated.

Besides, Judge Phillips lacked legal basis for assuming jurisdiction over a motion seeking recusal of a district judge even though he was named

in Appellant's recusal motion. Neither the order of recusal or order of referral that was signed on August 19, 2014, was signed timely. Both orders were signed after the visiting judge; Charles Ramsay had already been wrongfully assigned to hear Appellee Willing's motion to declare Appellant vexatious, and after the trial court had signed the order declaring Appellant as a vexatious litigant.

The Appellant argued in open court of the many procedural errors of not responding to his motion to recuse. **(RR: Vol 3 of 4, P: 24, L: 18–25; P: 38, L: 7—12; P: 40, L: 10—16; P: 12, L: 8—23).**

An order that is signed after the harm and error has been carried out is an order that is void. A court administrator does not have the judicial power to assign judges pursuant to Tex. R. Civ. P., or Tex. Gov't Code Ann., consequently the visiting judge, Charles Ramsay was not properly assigned to hear Appellees Willing's motion to declare the Appellant as a vexatious litigant, and therefore the order should be vacated.

Therefore, the August 19, 2014 order declaring Appellant as a vexatious litigate is void, and an appeal is the appropriate remedy to address these void orders. The Appellant filed a mandamus, but this Court denied the mandamus without providing a reason for its denial.

31

It is Appellant's legal opinion, and pursuant to case law cited in this brief herein that the following orders are void: 1). The order of referral by Judge Yelenosky); 2). The order of recusal by Judge Phillips; and 3). The order declaring the Appellant as a vexatious litigate signed by the visiting judge Charles Ramsay with its prefiling order.

All of these orders should be vacated by the Court and considered void. **(CR: Vol 1 of 1, P: 608—623); (CR: Vol 1 of 1, P: 545); (CR: Vol 1, P: 559); (CR: Vol 1 of 1, P: 546); (CR: Vol of 1, 547—555).**

The August 19, 2014 orders cited herein are void and should be vacated because the visiting judge signed the order while the Appellant's motion to recuse was pending before the trial court. *Victor Enterprises, Inc. v. Holland,* (Tex. App.—Dallas 2013); *In re Guilbot.*

Likewise, on August 14, 2014, the trial court signed an order of nonsuit on Appellant's claims against defendants Carl Ginsberg, Kristina Kastl, Vikki Ogden, and Seanna Willing.

The trial court made numerous procedure errors, which were derived by the trial court's judge's intentional and reckless desires to supersede

32

Texas law and the Texas Code of Civil Procedure. *Victor v. Enterprises, Inc. v. Holland.* The sham orders filed into the trial courts record by Judges David Phillips and Stephen Yelenosky are a good example of how these judges circumvent procedure and the law.

33

## H.    ISSUE FIVE:

**The trial court failed to comply with Chapter 11 of the Tex. Civ. Prac. & Rem Code, Rule 18a and 18b of the Texas Rule of Civil Procedure, and other state laws and statutes**

The trial court failed to comply with the very statute that it declared Appellant as a vexatious litigant. Chapter 11 of the Tex. Civ. Prac. & Rem. Code allows a "plaintiff" to call witnesses in his or her defense. But the Appellant was prohibited from basic due process rights. The trial court failed to rule on the defendants motions to quash and Appellant's motion to compel, and recuse before holding the August 19, 2014 hearing—the trial court failed to act in accordance with Rule 18a and 18b of the Tex. R. Civ. P., Texas Rules of Evidence, and the Texas and U.S. Constitutions.

### 1.    Texas Rules of Civil Practice 18a and 18b.
Section 18a provides in pertinent part as follows:
§ 18a

...

(f) Duties of Respondent Judge; Failure to Comply. (1) Responding to Motion. Regardless of whether the motion complies with this rule, the respondent judge, within three business days after the motion is filed, must either:

(A) sign and file with the clerk an order of recusal; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge. (2) Restrictions on Further Action.

34

Denial of a motion to recuse is appealable upon final judgment. Tex. R. Civ. P. 18a(f). Thus, an Appellant challenging the denial of a recusal motion ordinarily has an adequate remedy by appeal of the denial of a motion to recuse. However, in this case the recusal was never denied because the trial court never acted timey on Appellant's motion to recuse. Appellate relief is available when a judge violates a mandatory duty to recuse or refer a motion to recuse. *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.- Houston [14th Dist.] 2006, orig. proceeding).

On August 7, 2014, Appellant filed a motion to recuse against all of the district judges in Travis County. This action was taken only after judges Tim Sulak, Amy Clark Meachum, and Orlinda Naranjo conspired together with the assistant attorney general Scot Graydon and defendants Kastl and Ginsberg to deny the Appellant's motion to compel hearing on the day of Appellant's hearing. It was evident to the Appellate that he could not obtain a fair hearing in Travis County.

On July 24, 2014, Appellant filed a motion to compel the defendant's depositions, which he needed to respond to defendant's motions to transfer, and allegations filed into the trial court's record that Drake was an alleged vexatious litigant. The trial court took no action regarding Appellant's

35

motion to compel, up and until the date of the hearing. While waiting in judge Amy Meachum's court she was given an order by Kastl and it appears a letter of some kind. Meachum knew that Kastl was trying to get an order signed on the day of Appellant's compel hearing to deny the hearing. Once the denial was signed, judge Meachum advised the Appellant and Scot Graydon that judge Sulak would hear Appellant's pending motion to compel, knowing that an order was signed denying the motion. Judge Sulak announced that he could not hear the Appellant's motion to compel because another equal judge had signed an order denying the motion to compel moments ago. **(RR: Vol 2 of 4, P: 8, L: 11—25; P: 9: L: 1—19).**

Travis County does not appoint one judge to hear cases but it's an open docket, where any district judges may hear a motion or try cases. However, after the trial court's judges conspired efforts to deny Appellant's motion to compel hearing, Appellant had no choice but to recuse all of the district judges. **(CR: Vol 1, P: 521—526).** The behavior by the three district judges named herein was reprehensible. The behavior of the trial court was intentional, unfair and partial, which would prevent the Appellant from receiving an impartial hearing.

36

After Appellant filed his motion to recuse, not one of the judges recused themselves or referred the Appellant's recusals. Pursuant to Tex. R. Civ. P. 18a and 18b, upon a motion to recuse being filed against a judge, he or she must either recuse or refer, there are no other options.

However, after the Appellant announced at the August 19, 2014 hearing that none of the judges took any action on his motion to recuse, and that it is a violation of TRCP 18a and 18b, one of the clerks in the 353rd left the courtroom and apparently notified the judges of the procedural error, and two judges filed sham orders in the trial court's record **(CR: Vol 1 of 1, P: 545); (CR: Vol 1, P: 559); (CR: Vol 1 of 1, P: 546)**. But those sham orders came too late because the visiting judge had already been appointed to hear the Appellee Willing motion and had ruled on Willing motion to declare Appellant vexatious.

Under the general recuse or refer rule in Tex. Gov't Code Ann. § 25.00255(f), a judge against whom a recusal motion has been filed has only two options: grant the motion to recuse or refer the motion to another judge for a ruling. Neither occurred in the trial court. The same is required under the Tex. R. Civ. P. 18a and 18b. Even though a motion to recuse may be defective, the challenged judge *must* either recuse or refer the motion, so that

37

another judge can determine the procedural adequacy and merits of the motion to recuse. Appellee Willing objections to the motion has no bearing on a judge following Rule 18a, especially because Appellant verified his motion and the motion had been pending for more than 3 (three) days. Pursuant to the Tex. R. Civ. P., a judge should respond to a litigates motion of recusal within 3 business days. All of the Travis County district judges failed to respond in 14 business days. Thus the sham orders of referral and recusals by David Phillips and Stephen Yelenosky are again void.

The statute states in <u>mandatory language</u> that the district judge shall request the presiding judge to assign a judge to hear any motions to recuse. Regardless of whether a motion to recuse may be defective or untimely, the challenged judge must recuse or refer the motion so that another judge can determine the procedural adequacy and merits of the motion. *Norman*, 191 S.W.3d at 861.

All courts agree that when a judge is confronted with a timely, procedurally sufficient motion, the trial judge must either recuse herself or refer the case to the presiding judge. Rule 18a(c), (d); See *Brousseau v. Ranzau*, 911 S.W.2d at 892. These are the only two options the judge has when a procedurally proper motion is filed. *Brousseau v. Ranzau*, 911

S.W.2d at 892. In such a case, when the judge refuses to recuse herself, two things must happen: (1) she must send all motions, responses, and concurring briefs, and the order of referral, to the administrative judge; and (2) she must take no further action and make no further orders in the case except for good cause stated in the order in which the action is taken. Rule 18a(d). Likewise, when a judge recuses herself, two things must happen: (1) she must request that the presiding judge of the administrative judicial district assign another judge to the case; and (2) she must take no further action and make no further orders in the case except for good cause, which must be stated in the order in which action is taken Rule 18a(c).

In addition, one court has held that a transfer made by the trial judge—not the presiding judge—would be void. *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex. App.--Dallas 1989, orig. proceeding).

As a result of Appellant's motions to recuse, there was never a hearing nor does the trial court's clerk's record reflect that the administrative judge denied Appellant a hearing on Judge Stephen Yelenosky referral. This is *mandatory*. Though Yelenosky signed a referral, and if there is a referral there must be a hearing or a denial of a hearing. The trial court's record reflects neither occurred.

39

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979), the Supreme Court interpreted a statute, subsequently codified as section 74.059 of the Government Code, which provided that a "district judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court." TEX. GOV'T CODE ANN. § 74.059 (Vernon 1988) (formerly TEX. REV. CIV. STAT. ANN. art. 200a, § 6).

When a motion to recuse has been filed, it is *mandatory* that the trial judge request the administrative judge to assign another judge to hear the motion. *McLeod*, 582 S.W.2d at 773. The trial court visiting judge was not assigned by a judge to hear Appellees Willing motion to declare Appellant as a vexatious litigate, but the visiting judge was assigned by the court administrator (Vavra) who had no authority to assign judges, thus any orders executed by the visiting judge (Charles Ramsay), including the August 19, 2014 order declaring the Appellant as a vexatious litigate and prefiling order should be vacated and or set aside.

Tex. R. Civ. P. 18a; see also Tex. Gov't Code Ann. § 74.059(c)(3) (West 2005) (judge must "request the presiding judge to assign another

40

judge to hear a motion relating to the recusal of the judge from a case pending in his court").

Other courts of appeals have concluded that Rule 18a's recusal-or-referral requirement is mandatory and that mandamus relief is appropriate to compel compliance with the rule. See, e.g., *In re Kiefer*, No. 05-10-00452-CV, 2010 Tex. App. LEXIS 4268, 2010 WL 2220588, at (Tex. App. Dallas June 4, 2010, orig. proceeding) (recusal or referral "mandatory"); *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (Rule 18a states that judge has "mandatory duty either to recuse himself or refer the motion to the presiding judge"); *In re Healthmark Partners, L.L.C.*, No. 14-04-00743-CV, 2004 Tex. App. LEXIS 7636, 2004 WL 1899953, (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, orig. proceeding). *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 179-80 (Tex. App.—Corpus Christi 1999, orig. proceeding) see also *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (Rule 18a applies in criminal cases); see also *Ex parte Sinegar*, 324 S.W.3d 578, 2010 WL 4320399, (Tex. Crim. App. 2010)

Likewise, construing a substantially similar statutory predecessor to Rule 18a, the Texas Supreme Court has held that (1) a judge has "the mandatory duty" to recuse himself or refer the matter to the presiding judge to hear a properly filed motion to recuse. See *McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex. 1979). But again, this Court disagreed and denied the Appellant's mandamus—wrongfully. Appellate courts agree that the provisions of Rule 18a are **mandatory**; and that they *cannot be reasonably read otherwise*.

Consequently, all of the district judges in Travis County abused their discretion by failing to either recuse themselves or refer the motion to the presiding judge of the administrative judicial district. See *In re Prudential*, 148 S.W.3d at 135 (judge has no discretion in applying facts to law).

Moreover, the order of referral that came after the visiting judge that was assigned to hear the Appellee Willing motion to declare Appellant as a vexatious litigate was not forwarded to the Regional Presiding Judge. The sham referral order was signed by Judge Yelenosky of the 34th JDC and filed stamped at 5:00 P.M., however, the referral should had been to the

42

presiding judge of the administrative judicial district for assignment to another judge for hearing and disposition. There was no hearing conducted on Appellant's motion to recuse nor was it denied. *Bruno v. State*, 916 S.W.2d 4, 7 (Tex. App.—Houston [14th Dist.] 1995, no pet).

If a motion to recuse is procedurally sound, or otherwise in substantial compliance with Tex. R. Civ. P. 18a, it is error for a trial judge to refuse to either recuse herself or himself or to otherwise refer the recusal motion to the presiding judge of the administrative region for assignment to another judge for full evidentiary hearing and disposition. *In re Richard Castillo*, 1998 Tex. App. El Paso, Lexis 2473. *In re Guilbot*, 2009 (Tex. App.—Houston [14th Dist.] no pet.

Additionally, David Phillips is not a district judge; he is the judge of County Court No. 1, and therefore a County judges referral does not count in the case of a district court case. A County judge would not be in a position to preside over a district court case. The sham order signed by David Phillips is not valid in several aspects.

This Court should grant Appellant's appeal, vacate all orders pursuant to the Appellant's case (Drake v. Kastl Law et al) signed on August 19, 2014, for the reason that relevant procedural rules required that a hearing be

held to develop a record sufficient for any appeal on the motion to recuse the trial judges and for all the reasons stated herein. And such that the trial judge's actions denying such requirements, and for all other reasons asserted herein the Appellant files this appeal timely to have the August 19, 2014 order vacated in its entirety, including its prefiling order. Appellant contends that the trial court's order that Judge Charles Ramsay signed on August 19, 2014 is void because Ramsay did not have the authority to sign the order.

The August 19, 2014 order is also void because it was derived by and through fraud. The August 19, 2014 order is void because once Appellant objected to the visiting judge Ramsay, though he refused to recuse or remove himself from hearing the motion was error and abuse of discretion. The August 19, 2014 order is void because although two judges filed sham orders to attempt to make it appear as if they were complying with Tex. R. Civ. P., 18a, the orders were defective on its face and procedurally defective.

Neither the sham orders of recusal nor referral that was signed on August 19, 2014 was signed timely. Both orders were signed after Judge Ramsay was improperly assigned to hear Appellee Willing motion, and the Appellant argued in open court of the procedural errors of not responding to his motion to recuse. An order that is signed after the harm and error has

been carried out is void. A court administrator does not have the judicial power to assign judges pursuant to Tex. R. Civ. P., or Tex. Gov't Code Ann., therefore the visiting judge was not properly assigned to hear Appellee Willing motion. An appeal and federal action is Appellant's remedy to address: 1). The order of referral by Judge Stephen Yelenosky, 2). The order of Recusal by Judge David Phillips, 3). The order declaring Drake as a vexatious litigate signed by Judge Ramsay, 4). Federal violations.

Appellant filed his motion for nonsuit on August 7, 2014. Willing filed her motion to declare Appellant as a vexatious litigant on August 5, 2014. Appellee Willing failed to conference with any of the co-defendants or the Appellant per local rules before filing her motion to declare Drake vexatious. Appellant had no idea that Willing had filed a motion for affirmative relief when he filed his motion for nonsuit. Wiling argued that she conference with Drake later, but she cannot revitalize her motion, because her second conference came too late. Willing could not repair a motion that was dismissed because of intentional procedural errors.

Willing through her legal counsel admits during the August 19, 2014 hearing that she failed to conference with the Appellant timely. Appellant Drake must be timely noticed that a defendant is seeking affirmative relief—

which Willing failed to do so—and not file a motion by "seek attack." Willing did not want the Appellant to know that she was filing the motion until after the motion was filed with the trial court.

Willing intentionally violated procedure to file the motion without the Appellant's knowledge. Moreover, Willing pursuant to the TRCP and local rules in Travis County should have conference with the Appellant and co-defendants, which she failed to do.

If a motion to recuse is denied, the denial may be reviewed on appeal from the final judgment. Tex. R. Civ. P. 18a(f). See *In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428, 41 Tex. Sup. Ct. J. 591 (Tex. 1998). The standard of review for the denial of a motion to recuse is abuse of discretion. Tex. R. Civ. P. 18a(f).

The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or acted arbitrarily or unreasonably. The trial court judges did not refer Appellant's motion to recuse to the regional presiding judge or recuse themselves as required by Rule 18a, thus any order signed are considered void, which in this case

specifically the August 19, 2014 declaring Drake as a vexatious litigant. *The trial court records contain no ruling by or from the regional presiding judge.*

Appellant brought to the attention of the trial court that his recusal motion was pending, however, the visiting judge ignored Appellant's objection and proceeded with the hearing (**RR: Vol 3 of 4, P: 14, L: 5—25; P: 10, L: 14—25; P: 11, L: 1—15**). The trial court did not have Willing's motion on the docket, it had signed Appellant's nonsuit, but Willing's counsel demanded the hearing, even when it wasn't on the docket.

The trial court did nothing about Appellant's recusal. A trial judge presented with a motion to recuse must promptly enter an order for either recusal or referral, "he does not have the option of doing nothing") *Greenberg, Benson, Fisk and Fielder, P.C. v Howell*, 685 S.W.2d 694, 94 (Tex. App.—Dallas 1984, no writ, no writ). *In re Kiefer*, 2010 WL 2220588 (Tex. App.—Dallas 2010, no pet.) (mem. op.). In Appellant's case, his motion to recuse was not denied; it was just never acted upon by any of the judges up and until the Appellant was in a hearing, which the trial court acted too late, thus any orders signed by the visiting judge are void.

As in *Victor Enterprises*, regardless of procedural sufficiency of a motion to recuse, the trial court violated Rule 18a in failing to act either to recuse herself or refer the case to the presiding judge; the judges failure to rule on the recusal motion was an abuse of discretion by which such ruling was vacated and any subsequent orders or judgment made subsequent to the denial of the first recusal motion are void. *Victor Enterprises, Inc. v. Holland*, 2013 WL 329034 (Tex. App.—Dallas 2013).

If a trial court fails to comply with the rules provided in Rule 18a, all actions taken by the judge subsequent to such violation are void. *Mosley v. State*, 141 S.W.3d 816, 837 (Tex. App.—Texarkana 2004, pet. Ref'd); *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex. App.—DALLAS 1989, Writ denied).

A court cannot ignore the motion to recuse and appoint a visiting judge to carry on with the case as if the motion had not been filed. In the case of *Barnhill v. Agnew*, 2013 WL 5657644 (Tex. App.—Tyler 2013) the judge did not refer the motion to the regional presiding judge or recuse himself, as in the issues before this Court. All subsequent order that were ruled on was considered void.

48

Issues as to the qualifications of the trial court judge may be raised for the first time on appeal. *In re D.C. Jr.*, 2010 WL 3718564 (Tex. App.—Amarillo 2010, no pet). However, the Appellant raised Judge Charles Ramsay's ability to hear Willings motion to declare Drake vexatious on August 19, 2014. **(RR: Vol 3 of 4, P: 12, L: 8—12).**

Appellant recused all of the district judges and two County judges **(CR: Vol 1, P: 521—526)**. Pursuant to Rule 18 of the TRCP, the regional presiding judge must rule on a referred motion or assign a judge to rule, neither occurred in the Appellant's case in the trial court.

Notwithstanding, the ruling must be in writing. ***No such ruling is contained in the trial court's clerk's record submitted to this Court***. There was no hearing on Appellant's recusal motion. The trial court judges ignored the Appellant's motion of recusal, which is forbidden by Rule 18 of the TRCP. *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex.App.—Houston [14th Dist.] 2001.

Judge Phillips did not indicate if he was referring or recusing **(CR: Vol 1, P: 546)**. Because Phillips did not complete his order, he also failed to comply with the TRCP 18a (f)(1)(B). The trial court's clerk of court should

49

had delivered a copy of the order of disqualification, recusal or referral to the regional presiding judge immediately with the 3 day period, but this did not occur in the Appellant's trial court's case. TRCP 18a (e)(2).

All of the greatest intentions do not allow a judge to escape the fact that the order he signed was not complete. Regardless of procedural sufficiency's of a motion to recuse, the trial court violated Rule 18a in failing to act either to recuse or refer as in the case before the Court. *Victor Enterprises, Inc. v. Holland,* 2013, WL 329034 (Tex. App.—Dallas 2013). Appellant was entitled to a hearing on his motion to recuse. TRCP 18a (g)(6). The hearing would have given the Appellant an opportunity to develop a record to support his motion. *In re Rio Grande Valley Gas Co.,* 987 S.W.2d 167, 179 (Tex.App.—Corpus Christi 1999).

Because of the judge's failure to comply with the TRCP 18, all orders or judgments of a trial judge who was constitutionally disqualified from sitting are void. *Tesco Am., Inc. v. Strong Indus.,* 221 S.W.3d 550, 555 (Tex. 2006); *In re Union Pac. Res.,* 969 S.W.2d 427, 428 (Tex. 1998). And regarding Judge Charles Ramsay, orders of an assigned judge who should have been removed after an objection under Gov't Code §74.053 are void. *In re*

50

*Canales*, 52 S.W.3d 698, 701 (Tex. 2001); *Dunn v. Street*, 938 S.W.2d 33, 34—35 (Tex. 1997); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996).

As in *Drake v. Andrews*, Appellees did not offer sufficient evidence to prove that there was no reasonable probability that Appellant could not prevail in his lawsuit against her. *Drake v. Andrews*, (App. [5th Dist.], 2009, 294 S.W.3d 370. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914. Appellant also argued on August 19, 2014, and argues in his brief that Appellees failed to prove that Appellant filed 5 (five) qualifying lawsuits that were ruled against him.

I.    ISSUE SIX:

**Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate in light of the fact that Judge Ramsay did not have the authority or jurisdiction to preside over Appellees Willing motion to declare him a vexatious litigant**

Appellant argue that the Judge Ramsay lacked authority to hear the Appellee Willing motion to declare him as a vexatious litigation and that the resulting final August 19, 2014 order is void. Part of Appellant's argument is that the visiting judge's (Charles Ramsay) authority originates solely from an order of assignment from a proper judge. However, in this case, there was no order of assignment by a proper judge or any judge that can be found in the trial court's clerk record.

As already argued before the Honorable Court, the visiting judge did not have jurisdiction to act or authority to enter the August 19, 2014 order. A judgment is void when the court rendering judgment has no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973).

52

A judgment of a court which has no jurisdiction over the subject matter is void, that is, "entirely null within itself and which is not susceptible of ratification[,] confirmation," or waiver. *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 429 (1932). Subject-matter jurisdiction "cannot be conferred on a court by consent or waiver," and lack thereof "renders a judgment void rather than merely voidable." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990); *Jeter v. McGraw*, 218 S.W.3d 850, 853 (Tex. App.--Beaumont 2007, pet. denied); See *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943) (subject-matter jurisdiction exists by operation of law and cannot be conferred on any court by consent or waiver); *In the Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006, orig. proceeding); *In the Estate of Bean*, 120 S.W.3d 914, 919 (Tex. App.—Texarkana 2003, pet. denied).

Because Charles Ramsay was not assigned by a judge, he had no authority or jurisdiction to preside over, hear or rule on any motions presented by either party on August 19, 2014. Ramsay ignored the Appellant's notices and the Tex. R. Civ. P., and proceeded with the hearing which was error and abuse of discretion **(RR: Vol 3 of 4, P: 15, L: 2—3)**.

53

## J.   ISSUE SEVEN:

**The August 19, 2014 order declaring the Appellant as a vexatious litigant was obtained by and through deception and perjury by Scot Graydon and was a product of fraud, fraudulent inducement**

Scot Graydon, an assistant attorney general for the state of Texas in Austin, Texas perjured himself and obtained the August 19, 2014 order by and through fraud, and deception. Mr. Graydon advised the trial court that he conference with the Appellant regarding Appellees Willing's Motion to Declare Drake as a vexatious litigant. Because Mr. Graydon is an officer of the court and an assistant attorney general, his statements to the trial court were considered perjury if he knowingly made a false statement to the court.

Appellee Willing's counsel failure to be completely truthful wasn't an error on part of the Appellee Wiling or her attorney, but it was to accomplish their task of labeling Appellant as a vexatious litigate at any cost, even at the expense of lying, misleading the trial court, and perjury. However, as already pled herein, Seanna Willing also failed to conference with the other defendants in seeking her motion to declare Appellant vexatious.

Scot Graydon perjured himself multiple times to Judge Ramsay by stating that he conference with the Appellant. **(RR: Vol 3 of 4, P: 45, L: 1—**

54

14). Appellant has sworn under the penalty of perjury that Scot Graydon did not conference with him. *See* Exhibits [Appellant's Affidavit] attached to Appellant's Third Amended Response to Vexatious Litigant Order and Appellant's Motion to Vacate Vexatious Litigant Order. **(CR: Vol 1, P: 620—626).** Where there is any doubt that the order signed by visiting judge is even possibly fraudulent and or obtained by fraud, the order should be vacated.

The mere allegation, "that the judgment was obtained by fraud," is not sufficient. The facts relied on as constituting the fraud must be distinctly averred, and the court is to determine whether those facts sustain the charge. (*Martin v. Sykes*, 25 Tex. Supp., 198.) Appellant executed affidavits under the penalty of perjury that Graydon did not conference with him. **(CR: Vol 1, P: 608—618; P: 620—626).**

The appellate courts in the exercise of equitable powers may grant by re-examining a case on its merits, such relief as equity and justice may demand when it is made to appear that a judgment is obtained by fraud. That the willful giving of false testimony by a party to an action in relation to a matter affecting an issue to be tried is fraud of the most pernicious character cannot be questioned, and for such conduct, an injured party is entitled to

have a cause re-examined on its merits, and granting such relief as equity and justice may demand. *McMurray v. McMurray*, 67 Tex. 665; 4 S.W.357; 1887 Tex. Lexis 943.

In common with all other courts, the appellate court's have the power, when a judgment, order or decree has been entered without jurisdiction, or when obtained by fraud or such other means as are held to render the judgments, orders or decrees void, so to declare them at any time. *Heath et al v. Layne et al*, Supreme Court, 62 Tex. 686; 1884 Tex. Lexis 312. *Lee v. Killian*, 761 S.W.2d 139; 1988 Tex. App. [2nd] Lexis 3173.

In *Lee v Killian*, the trial court granted summary judgment based on a wavier that was obtained by fraud. The appeals court reversed and remanded. *Lee v Killian*, 761 S.W.2d 139; 1988 Tex. App. Lexis 3173. Unless the order is set aside that was obtained by fraud; Appellant will continue to suffer substantial and irreparable injury. *Smith v. McDaniel*, 170 S.W. 1070; 1914 Tex. App. Lexis 1021.

Upon proof that assistant attorney general Scot Graydon did commit fraud upon the court and was untruthful to the court to obtain an order against Appellant, the Court should sanction him, report him to the bar association, and have him disbarred. Contracts induced by fraud are not

valid. *Green v. Chandler*, 25 Tex. 148; History Co. v. Flint, 4 Willson, Civ. Cas. Ct. App. §224, 4 Tex. Civ. Cas. 364, 15 S.W. 912; *Drinkard v. Ingram*, 21 Tex. 650, 73 Am. Dec. 250; *Johnston v. Loop*, 2 Tex. 331; Bankers v. Calhoun (Tex. Civ. App.) 209 S.W. 826.

The trial court's visiting judge made his decision based on misleading, and false information directed to him by the Appellee Willing legal counsel. Graydon advised Judge Ramsay on 8/19/2014, "In the event the Court of Appeals determines that a motion to recuse would been improper, if the court enters an order today granting my motion, it can simply be vacated" **(RR: Vol 3 of 5, P: 22, L: 7—19).** Graydon goes on to suggest to the trial court on August 19, 2014 that there would be "no harm" caused to Drake.

Appellee Willing demanded and got the trial court's visiting judge to sign a prefiling order, which the Appellant objected to in form and content. **(CR: Vol 1, P: 564–571).** The order derived of fraudulent behavior by the Appellee Willing and an assistant attorney general was intended to prevent the Appellant from filing new litigation without permission of the administrative judge. But because the order signed on August 19, 2014 by Judge Ramsay is void, and a product of fraudulent misrepresentations, which is an actionable fraud; the August 19, 2014 order is non-effect. *Stanfield v.*

57

*O'Boyle*, 462 S.W.2d 270, 272 (Tex. 1971); *Stone v. Williams*, 358 S.W.2d 151 (Tex. Civ. App.—Houston 1962).

In order to be fraud or fraudulent, the Court should look at the following: (1) that Scot Graydon attorney for the Appellee Willing made a material misrepresentation to the trial court on August 19, 2014 [that he allegedly conference with the Appellant about Willing's motion to declare Appellant as a vexatious litigate] to induce the visiting judge to sign his order, (2) that the representation was false, (3) that Scot Graydon knew the statement to be false at the time he made it, (4) that the statement was made with the intent to deceive the trial court visiting judge, (5) that the false statement would be acted upon by the trial court, and the trial court did act upon Mr. Graydon's misrepresentations by signing the August 19, 2014 order to declare Appellant as a vexatious litigant, and prefiling order against Appellant and that he must obtain permission prior to filing any new litigation, (6) that the trial court reasonably relied on Scot Graydon's fraudulent statements because he is an officer of the court and an assistant attorney general and because of Mr. Graydon's race: white, and (7) that Appellant has suffered injury as a result of Appellee Willing and Scot Graydon's fraud. The alleged notice of the hearing was filed after the

Appellant filed his motion for nonsuit, although the order signed by the trial court nonsuiting the Appellant's cause of action was also defective. file dated: August 7, 2014 at: 1:07 P.M. **(CR: Vol 1, P:527—529)**. Appellee Willing filed her motion to declare Appellant as a vexatious litigate on August 5, 2014. **(CR: Vol 1, P: 263—282)**.

On August 7, 2014, Willing through her attorney filed a supplemental notice to try to overcome their intentionally not conferencing with the Appellant. This notice was filed August 7, 2014. **(CR: Vol 1, 517—519)**, at: 2:59 P.M. Even the supplemental notice was filed after the Appellant filed his motion for nonsuit. Pursuant to Travis County Local Rules, because Willing failed to conference with Appellant Drake before she filed her motion to declare him a vexatious litigant, the motion was defeated. Willing legal counsel admitted this to the trial court and said, "I will stand here and I will tell the Court that prior to filing the motion, I did not confer with Mr. Drake." **(RR: Vol 3 of 4, L: 1–5)**. Thus, a supplemental notice coming after the nonsuit is filed will not save Willing's motion to declare the Appellant as a vexatious litigant because it came too late—there was no pending affirmative relief. Willing filed her original motion to declare Appellant as vexatious by "ambush."

Drake directs the Court's attention to Willing certificate of conference: **(CR: Vol 1, P: 518).** In this document attorney Graydon, Willing's counsel misrepresents that he conference with the Appellant regarding Willing's motion to declare Drake as a vexatious litigant. But there is more; the clerk's record numbered: 518, contains Graydon's statement to the trial court that he conference with the Plaintiff at 9:50 p.m. at night. Graydon's certificate further states that he conference with Drake in-person at nearly 10:00 p.m. on August 6, 2014, which the Appellant was in Dallas on August 6, 2014 at 10:00 p.m. at his home. **(RR: Vol 3 of 4, P: 45, L: 1—14).** Graydon violated TRCP 191.3(b).

Appellant was prohibited from calling any witnesses to Willings August 19, 2014 hearing, however, Chapter 11 of the Tex. Civ. Prac & Rem. Code allows witnesses to be called on behalf of the "plaintiff." Judge Ramsay erred in continuing to hear the August 19, 2014 hearing when knew that there was a pending motion to recuse filed by the Appellant. Graydon should be sanctioned pursuant to TRCP 191.3(e).

K.   ISSUE EIGHT:

**Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate even after Appellant objected to Judge Ramsay of due process violations and violations under Chapter 11 of the Texas Civil Prac. & Remedies Code**

Appellant's cause of action against Appellees Seanna Willing was not based on the same or substantially similar facts, transition, or occurrence. *Devoil v. State of Texas,* 155 S.W.3d 498; 2004 Tex.App. Lexis 10473. Though Appellant objected to violations of his due process, the trial court visiting judge did not have authority to preside over the Appellee Willing's motion to declare Appellant as a vexatious litigate because prior defendant motions had not be ruled on and addressed nor had Drake's motion to recuse. **(CR: Vol 1, P: 521–526; P: 608–618; P: 534–543; P: 50–55; P: 125–133; P: 140–149; P: 234–244; P: 245–250).**

Appellant filed a motion to continue until the court could address his motions to take limited discovery. Appellant filed a motion to compel discovery. Defendant Kastl conspired with three judges to have Appellant's compel hearing denied while Appellant sat waiting on his motion to be heard on the very same day. Appellant has uncontroverted proof to offer any trial court that Appellee Willing failed to investigate his case against Judge

61

Martin Hoffman properly. But that evidence was prevented from being offered into evidence because the trial court erred by not addressing the pending motions to quash that prevented Appellant from obtaining limited discovery.

The ability to call witnesses to the stand under oath and discovery are important elements of any civil or criminal case, which are violations of Appellant's due process and constitutional rights. Yet, Kastl objected to Drake's compel hearing **(CR: Vol 1, P: 513)**. The trial court failed procedurally in assigning visiting judge Charles Ramsay. **(RR: Vol 3 of 4, P: 31, L: 8—13)**.

When a defendant seeks a vexatious litigant declaration, the plaintiff may offer evidence to show there is a reasonable probability he will prevail in the litigation. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914.

As argued herein, the Appellant was prohibited in acquiring his witnesses by motions to quash that the trial court never ruled on before the visiting judge was assigned, and signed the August 19, 2014, order to declare the Appellant as a vexatious litigant.

Appellant preserved his objections to Ramsay's assignment and to Appellees Willing's exhibits on August 19, 2014 on the record. **(RR: Vol 3 of 4, P: 10, L: 14—25, and P: 11, L: 1—25, P: 12, L: 1—12).** Pursuant to RR, Vol 3 of 4, Page 26, Lines: 6 through 7, the court is noted as overruling the Appellant's objections to the exhibits of Willing.

## L. ISSUE NINE:

**Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because the trial court district judges had not responded or acted on Appellees jurisdictional issues or Appellant's special exceptions prior to assigning Appellee Willing motion to declare Drake a vexatious litigant and prior to actually signing of the motion**

The trial court failed to address important motions filed by the majority of the defendant's concerning jurisdiction. On June 17, 2014, Defendant Ginsberg filed a motion to transfer for lack of subject mater jurisdiction. On July 11, 2014, Defendant Kastl law filed a motion to transfer. On July 8, 2014 and July 17, 2014 Defendant Vikki Ogden filed a motion to transfer. **(CR: Vol 1, P: 50—55; P: 125—133; P: 140—149).**

Appellant answered those motions by responding on August 24, 2014 by filing special exceptions, motion to compel, motion for evidentiary hearing. But none of those motions that were filed by the Appellant or motions filed by any of the defendants that were important to the trial court jurisdiction were heard or acted upon by any by the trial court before the visiting judge was assigned to hear and rule on Appellee Willing's motion to declare Drake as a vexatious litigant **(CR: Vol 1, P: 534—543; P: 234—244; 245—250).** And when jurisdiction is an issue, it was improper for the

64

trial court to assign Judge Charles Ramsay to preside over or hear Appellee Willing motion until those issues where decided.

All of the district trial court judges erred and abused their discretion by not acting on the defendant's motions to transfer, motions to quash, and motion to recuse **(CR: Vol 1, P: 521—526)**.

Whether a court has subject-matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When jurisdictional facts are disputed, the manner in which the trial court analyzes the jurisdictional challenge depends on whether the disputed jurisdictional fact issues do or do not implicate the merits of the plaintiff's case. See *University of Tex. v. Poindexter*, 306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.). If the disputed jurisdictional issue or facts do not implicate the merits, the court—not the jury—***must*** make the necessary factual findings to resolve the jurisdictional issue. See *Miranda*, 133 S.W.3d at 226 ("'Whether a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case.'") (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997)). *Martin v. National Instruments Corp.*,

65

Court of Appeals, [3rd Dist.] 2013 Tex. App. Lexis 7021. However, a trial court cannot ignore jurisdictional facts as it has done in this case and assign a visiting judge to hear Appellee Willing's motion to declare Appellant a vexatious litigant—especially under the given facts. *Venable v. Sherbet*, Court of Appeals, [5th Dist.] 365 S.W.3d 359; 2010 Tex. App. Lexis 9083.

The trial court conducted no hearings pursuant to the defendant's objection to jurisdiction, nor did it make any rulings concerning jurisdiction before assigning the visiting judge to hear the Appellee Willing motion to declare Appellant as a vexatious litigant. And though Appellee Willing filed a plea to the jurisdiction, the trial court never addressed even that issue. Furthermore, Appellee Willing has said in open court through her counsel and in her pleadings that the Appellant's claims against her have been falsely made. A plea to the jurisdiction cannot be sustained where the contention is to the effect that the plaintiff has falsely stated a claim, which, in fact, is nonexistent, for this is a matter of defense on the merits. *City of Austin v. Savetownlake.Org*, Court of Appeals of Texas, [3rd Dist.] Austin 2008 Tex. App. Lexis 6471. Appellee Willing did not support its plea with relevant facts, but in this case more importantly, the trial court did not act on any parties plea to jurisdiction—which is error and an abuse of discretion.

66

The trial court failed to resolve factual issues before assigning Charles Ramsay to hear the Appellee Willing motion to declare Appellant as a vexatious litigant.

All of the district judges in Travis County failed to take even the minimum action. There was never a hearing on Appellant's motion to recuse, nor was the motion referred to the proper judge, and until that *Motion* is determined no judge can rule or carry out any orders.

The *sham* orders signed by one district court judge and one County court judge will not overcome the underline untimeliness of their sham orders, and the fact that a visiting judge was appointed improperly before Appellant motion to recuse was decided is an even greater issue because the visiting judge could not be assigned until the recusal was procedurally disposed of properly. Thus trial court's orders signed on August 19, 2014 are void.

Appellant directs the Court's attention to Appellee Willing order. What the Appellee Willing was attempting to do is cover apparently a recusal and vexatious hearing together, and neither worked properly. **(CR: Vol 1, P: 547—555)**. Thus, the sham order presented to the visiting judge, on August 19, 2014, which he signed, should be vacated.

67

**M.  ISSUE TEN:**

**Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Appellee Willing's motion to declare Drake as a vexatious litigant was procedurally defective**

Appellee Willing's motion to declare the Appellant, as a vexatious litigant is procedurally defective as already pled herein to this Court. Appellee Willing attorney failed to conference with the Appellant.

Rather than taking the proper steps to correct the motion of conferencing with Appellant and filing an amended motion to declare the Appellant a vexatious litigant, Appellee Willing's attorney Scot Graydon decided to commit fraud upon the court and lied to the trial court. There are also other procedures that Willing fail to undertake to declare Appellant Drake as a vexatious litigant.

Scot Graydon did not conference with the Appellant by mistake, he did so knowingly to avoid letting the Appellant know he was going to file the motion, and to avoid having his motion denied pursuant to local rules. When Mr. Graydon heard judge Meachum say on August 7, 2014, that the

68

Travis County local rules requires a conference he hurriedly tried to repair his intentional actions of not conferencing. But because he failed to follow proper procedure pursuant to Travis County local rules, Graydon's plans did not produce what he had schemed. Moreover, Appellee Willing not only failed to conference with Appellant but she failed to give adequate time for the Appellant to respond to her motion to declare him as a vexatious litigant. On August 7, 2014 Scot Graydon claims that he conference with the Appellant and gave Appellant a copy of his motion to declare him as a vexatious litigant. The hearing on that motion was held on August 19, 2014 which is only 12 days from Mr. Graydon's claims of when the Appellant was served, which was not adequate time to properly respond to the motion. Similar to a motion for summary judgment, a motion to declare a person, as a vexatious litigant will alter a lawsuit, and in many cases result in a dismissal. Under the Tex. R. Civ. P., a party must give the party who's being served a summary judgment 21 days notice.

The purpose of notice provision is to give the party opposing the motion a full opportunity to respond on the merits. *Stephens v. Turtle Creek Apartments, Ltd.,* 875 S.W.2d 25, 26 (Tex. App—Houston [14th Dist.] 1994, no writ). Appellant should had been given a 21 days notice.

In addition, the trial court had dismissed the case and the Appellant had no warning that Appellee Willing's hearing was going to take place and be heard on August 19, 2014.

Appellee Willing advised Judge Ramsay through her legal counsel in the trial court that Appellant's motion to recuse does not effect him (Judge Ramsay) because [he] (Judge Ramsay) was not named in the recusal. **(RR: Vol 3 of 4, 13—23)**. Willing's attorney goes on to say that there is good cause for the trial court to continue in light of the fact that Drake's motion to recuse had not been ruled on by the trial court **(RR: Vol 3 of 4, 19—23)**.

Pursuant to Tex. R. Civ. P., once a judge has a motion to recused filed against him or her, the case cannot be heard by another judge until that motion to recuse is decided, which never occurred in this case. Willing horribly provides the trial court with justification for her ignoring well-seated case law. Appellee Willing goes on to advise the trial court that Appellant's motion to recuse is defective, however, case law reinforces that this is not a reason for a court to ignore TRCP 18a, 18b. **(RR: Vol 3 of 4, P: 19, L: 7—13)**. Appellee Willing further argues to the trial court that if the trial court declares Appellate a vexatious litigate and later decides that this was improper that there is no harm caused to the Appellate. Of course,

70

Appellate has already been substantially harmed in many ways after Judge Ramsay wrongfully declared him a vexatious litigate, which he will sue all parties involved in federal court including Judge Charles Ramsay. **(RR: Vol 3of 4, P: 22, L: 7—19).** Appellee Willing admits that she failed to conference with the Appellate but somehow believes that she cured the defect by committing perjury to the trial court through her legal counsel. **(RR: Vol 3 0f 4, P: 44, L: 23—25, and P: 45: 1—25).**

The trial court made procedurally fatal decisions of appointing a visiting judge to hear a motion before addressing important pending issues, especially Drake's motion to recuse.

And even though the Appellant addressed those issues before the trial court, the visiting judge erred by not stopping the hearing.

Judge Charles Ramsay erred by not recusing himself because he was not properly assigned to hear the motion to declare Appellant as a vexatious litigant. Ramsay erred by continuing to hear Appellee Willing's motion to declare the Appellant as a vexatious litigant in light of the fact that the Appellant was not allowed to have witnesses that he chose to testify at the August 19, 2014 hearing to declare him as a vexatious litigant.

Willing's motion was assigned by a court administrator—not a judge. Scot Graydon's perjury was fatal to the order the visiting judge signed on August 19, 2014.

## N. ISSUE ELEVEN:

**Appellee Seanna Willing alleged immunity did not apply and or if it did apply to Willing, the trial court erred in not dismissing her from the Appellant cause of action**

Appellant argue that Willing's sovereign immunity did not deprive the trial court of jurisdiction because Appellant alleged that his rights were violated by Willing pursuant to an unconstitutional law, and that action did not require the State's consent in order to sue. On page 34 of Appellant's original petition **(CR: Vol 1, P: 38)** Drake pleads race discrimination and conspiracy. Willing's legal counsel admitted on August 19, 2014, that Drake underlying charges against Appellee Willing were under 42 U.S.C. 1983 violations of his constitutional rights **(RR: Vol 3 of 4, P: 27, L: 1–9)**.

Drake also pled irreparable and continuing harm caused by the actions of Appellee Seanna Willing **(CR: Vol 1, P: 39)**. In particularly, Appellant requested that Appellee Willing turn over to the trial court his compliant against Judge Martin Hoffman **(CR: Vol 1, P: 40)**. Appellant asks the trial court for a permanent injunction against Willing abusive ways, "Likewise, Seanna Willing aided and abetted state judge Martin Hoffman in covering up his discriminative acts against Drake." Willing also assisted Judge Hoffman

73

in concealing his federal felony offenses, (obstruction of justice) thus aiding a sitting judge in the commission of an actual felony crime.

The Appellant requested the trial court to order Appellee Willing to properly investigate claims made by him and other nonwhites **(CR: Vol 1, P: 45)**. Sovereign immunity generally protects the State from lawsuits for damages absent legislative consent to sue the State. However, when a party's rights have been violated by the <u>unlawful acts of a state official</u> or by a state agent acting pursuant to an unconstitutional law, the suit is not an action against the State requiring the State's consent. Declaratory relief is the proper remedy when challenging the constitutionality of a statute and that "plaintiffs" *are not required* to obtain the State's consent before suing for declaratory judgment.

The trial court never addressed or ruled on Willing's plea to jurisdiction, as such Willing is not protected by just filing the plea. "The truth of the plaintiff's allegations is at issue only if the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on the court." *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, No. 3-99-171-CV, slip op. at 5. Sovereign immunity generally protects the State from lawsuits for damages absent legislative

74

consent to sue the State. See *Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex. 1997). However, when a party's rights have been violated by the unlawful acts of a state official or by a state agent acting pursuant to an unconstitutional law, the suit is not an action against the State requiring the State's consent. See *Texas Workers' Compensation Comm'n v. Garcia,* 862 S.W.2d 61, 72 (Tex. App.--San Antonio 1993), rev'd on other grounds, 893 S.W.2d 504. This is true even though the judgment may be binding on the State. See *Id.* Because Appellant's rights had been violated by Appellee Willing, a state official acting pursuant to an unconstitutional statute, he properly brought suit to remedy the violation or prevent its occurrence. *Printing Indus.,* 600 S.W.2d at 265-66. Appellee Willing filed a plea to the trial court's jurisdiction to determine the subject matter of the cause of action—however, the trial court as stated herein never addressed that issue.

The Texas Supreme Court has held that private parties may seek declaratory relief against government officials who allegedly act without legal or statutory authority. *IT-Davy,* 74 S.W.3d at 855; see *Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 37 Tex. Sup. Ct. J. 968 (Tex. 1994). TEX. CONST. Art. I, § 19. Texas courts have traditionally followed contemporary federal due process interpretations of procedural due process

75

issues. *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929, 38 Tex. Sup. Ct. J. 910 (Tex. 1995) see U.S. CONST. amend. XIV. The Texas Supreme Court has held that, "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of due process must be satisfied." *Id.* at 930 (citing *Goss v. Lopez*, 419 U.S. 565, 574, 95 S. Ct. 729, 736, 42 L. Ed. 2d 725 (1975)).

As already argued, the minimal due process rights of the Appellant were violated. A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied).

When an affirmative claim for relief is filed by a governmental entity, immunity from suit no longer completely exists for the governmental entity.

The Uniform Declaratory Judgment Act (UDJA) provides a waiver of sovereign immunity, as in the case of *Drake v. Seanna Willing*, because Appellee Willing failed to perform a purely ministerial act [investigate Judge Hoffman] properly when she possessed absolute proof that Judge Martin Hoffman treated the Appellant differently than he did white attorneys. Appellee Willing also had the testimony of an officer of the court

76

that testified under oath that Judge Hoffman was hostile toward Appellant Drake. If Willing's plea to jurisdiction was meant to dismiss the Appellant's claim against her, then she did not have the right to file a motion to declare Appellant as a vexatious litigant because the trial court did not have subject matter jurisdiction over her. However, when Willing filed her motion to declare Drake as a vexatious litigant, that in itself removed any immunity because she was seeking affirmative relief outside of her plea to jurisdiction.

Traditionally, appellate courts construe the pleadings liberally in <u>favor</u> of the plaintiff, or in this case: the Appellant. Drake's intent was for the trial court to review Willing's alleged investigation into Judge Martin Hoffman and for the Appellee Willing to turn over to the trial court all paperwork and results from that investigation and an order from the trial court—ordering Willing to investigate nonwhites claims against judges, white judges in particularly, in a fair and proper manner. Appellee Willing could not had received better evidence from any complainer than what she received against Judge Martin Hoffman, but Willing was still unable to find any need to correct Hoffman's behavior because of her racial discriminative ways against Drake, and her conspiring with Judge Hoffman, and her efforts to cover up Judge Hoffman's criminal behavior of assisting white attorney with

77

their obstruction of justice. These acts waived any immunity that Appellee Seanna Willing or Judge Martin Hoffman may have had as a state employees or officers. Willing's affirmative defense claim of declaring Appellant as a vexatious litigant waived her immunity. Moreover, Willing's defensive pleading *must* allege that she had a cause of action, independent of the plaintiff's claim, which she failed to do. *BHP Petro Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990). Willing only offered the fact of her alleged immunity as to the reason Appellant could not prevail against her—which in this case, she does not have immunity and or its waived. **(RR: Vol 3 of 4, P: 26, L: 21—25, P: 27, L: 1—15).**

Willing's counsel said in open court that Appellant was suing Appellee Willing in her individual capacity also, **which is true**, Graydon pointed out that in Drake's original petition under prayer, Appellant requested: "Wherefore, Plaintiff prays for a judgment against Defendants and each of them as follows." Appellant asked for damages against each defendant which Willing was included. **(CR: Vol 1, P: 47–48).** Rather than ask for another continuance the Appellant requests that the Court orders the court reporter to amend the transcript. And since Willing is guilty of conspiring with state judges, ignoring compelling evidence, and of racial

discrimination. [*Persons sued in their individual capacities, on the other hand, may not rely on sovereign immunity protections for claims against them in that capacity, although they may assert the defense of official immunity.*] Appellant argues that Willing conduct was not lawful and that she failed the "good-faith" test standard in light of her conduct. In order words, a reasonably prudent state official in Willing's position with the amount of evidence that the Appellant provided to Willing would not have came to the same conclusions. "Defendants claiming immunity are subject to suit if the "plaintiff" sought monetary damages from them in their individual capacity. *Id.* and n. 10. *Brown v. Brown*, U.S. Court of Appeals 6th Cir. 1990 U.S. App. Lexis 21851.

The trial court and Judge Charles Ramsay failed to resolve the Appellant's injunction or declaratory issues or addressed Appellees plea to jurisdiction before declaring Drake a vexatious litigant. An applicant for a temporary injunction must establish that the party has a probable right to the relief sought and that the party will suffer a probable injury in the interim, pending a trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 57, 37 Tex. Sup. Ct. J. 18 (Tex. 1993); *City of Friendswood v. Registered Nurse Care Home*, 965 S.W.2d 705, 707 (Tex. App.--Houston [1st Dist.] 1998).

79

There is no question that Appellee Willing will engage in the same discriminative ways, not only toward Appellant but most likely toward any nonwhites who complain about white state judges, and or non-attorneys who may file claims in her office against state judges.

There is more than a probability that the Appellant will suffer future and similar harmful conduct and scheming by Appellee Willing's if a court does not issue an injunction against her. Moreover, an injunction is an *equitable remedy*, not a cause of action—thus, Willing failed to prove that Appellant could not prevail against her in an equitable remedy. *Brown v. Ke Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). A state official does not enjoy immunity when he or she has committed crimes or assisted others like Judge Hoffman in his aiding of obstruction of justice, by impeding or hiding or assisting crimes by judges, or not properly investigating a criminal act by a state judge which is her duty. Willing became part of Judge Hoffman's crime by her actions to assist him in covering the crime up, which grants her no immunity for those actions. She vacated her immunity and suffocated her reasons she provided the trial court as to why the Appellant could not prevail against her (**RR: Vol 3 of 4, P: 26, L: 21—25, P: 27, L: 1—15**).

80

In closing the trial court further erred in the following additional ways: (1) the trial court erred when it signed the order declaring Drake a vexatious litigant when Appellant received notice that the court had singed his motion for nonsuit and Willing's motion was not on the court's docket. Appellant did not receive proper notice; (2) the trial court erred when it signed the order declaring Appellant a vexatious litigant because the trial court had a ministerial duty to ensure that the Appellant was provided with the requisite advance notice of that hearing pursuant to section 11.053(a) of the Texas Civil Practice and Remedies Code—this did not occur in Appellant case; (3) the evidence was legally and factually insufficient to support the trial court's order declaring Drake a vexatious litigant because Willing failed to comply with the first prong of the Tex. Civ. Prac. & Rem. Code and for all other reasons cited herein; (4) the trial court erred when it failed to file the requested findings of fact and conclusions of law **(CR: Vol 1, P: 604—606)**; (5) the trial court erred when it failed to have a hearing on Appellant motions to reconsider the trial court's orders declaring Drake a vexatious litigant **(CR: Vol 1, 608—639)**; (6) the trial court erred as a matter of law when it signed the orders declaring Drake a vexatious litigant because it failed to apply the "liberal construction" standard to his pleadings.

81

## CONCLUSION

The trial court failed in the ways described herein to even conduct reasonably impartial hearings in regards to the Appellant Drake.

Appellee Willing did not meet its burden in establishing that Appellant had no reasonable probability of success in prevailing against her, which is the first prong in declaring a plaintiff vexatious, pursuant to Chapter 11 of the Texas Practice & Remedies Code.

The Trial Court erred and abused its discretion in the ways described as pled herein, which were substantial. Appellant Drake requests that the Court vacate the following orders that were signed on August 19, 2014, pursuant to cause number: D-1-GN-14-001215, which would include all orders the Appellant has directed this Court to in this brief, including: the August 19, 2014, order declaring Appellant Drake as a vexatious litigant with its prefiling order, and the August 19, 2014, orders of referral and recusal.

Appellant finally requests all and any other relief that the court may grant him that he may show justification.

82

Respectfully submitted,

Appellant Drake
Pro-Se
P.O. Box 833688
Richardson, Texas 75083
214-477-9288

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2015, I served the foregoing "APPELLANT' BRIEF," by causing one paper copy *Hand Delivered* to the Clerk of the Court of the 3rd Court of Appeals Austin, and one copy was delivered to Appellee Willing legal counsel, Scot Graydon by U.S. mail. All other parties named herein advised Appellant that they were not a part of this appeal because Appellant filed a motion for nonsuit and it was granted.

**Scot Graydon**
**300 West 15TH Street, Ste 2**
**Austin, Texas 78701**
**512-475-4413**

**David Harris   [Refused copy because case nonsuited at trial level]**
**300 West 15TH Street, Ste 2**
**Austin, Texas 78701**
**Telephone: 512-475-4413**

**Kastl Law P.C.  [Refuse to respond–*Hand delivered copy*]**
**4144 N. Central Expressway**
**Ste 300, Dallas, Texas 75204**
**Telephone: 214-821-0230**

**Vikki Ogden [Frank Waite refused copy because case nonsuited at trial]**
**411 Elm Street, Ste 500**
**Dallas, Texas 75202**
**Telephone: 214-653-7568**

Appellant Drake

84

## CERTIFICATE OF COMPLIANCE

1. EXCLUSIVE OF THE EXEMPTED PORTIONS, THE BRIEF CONTAINS **14, 819** words.

2. THE BRIEF HAS BEEN PREPARED:

    A. In proportionally spaced typeface using:

    Software Name and Version: **Microsoft Word 2008**

    in Times Roman font, 14 point for text and 12 point for footnotes.

Appellant Drake
Pro-se

May 14, 2015

# APPELLANT'S APPENDIX EXHIBITS
## APPENDIX ACTUAL EXHIBIT'S ARE SUBMITTED TO THE COURT IN A SEPARATE BOUND FOLDER

1. EXCERPT FROM APPELLANT'S ORIGINAL PETITION FILED IN THE TRIAL COURT SHOWING THAT APPELLANT SUED WILLING AS AN INDIVIDUAL (REQUESTING DAMAGES);

2. EXCERPT FROM DEFENDANT SEANNA WILLING MOTION HER (CERTIFICATION OF CONFERENCE) WHERE WILLING ATTORNEY SCOT GRAYDON WAS UNTRUTHFUL TO THE TRIAL COURT IN SAYING THAT HE CONFERENCE WITH APPELLANT AND DRAKE RESPONDED BY SAYING, "PLAINTIFF IS OPPOSED;"

3. SHAM ORDER OF REFERRAL BY TRIAL COURT;

4. SHAM ORDER OF RECUSAL BY TRIAL COURT;

5. ORDER ON APPELLANT'S MOTION FOR NONSUIT;

6. APPELLANT'S MOTION FOR NONSUIT;

7. APPELLEE'S ORDER DECLARING APPELLANT AS AN VEXATIOUS LITIGANT;

8.  APPELLANT AMENDED RESPONSE TO APPELLEES DECLARING HIM AS A VEXATIOUS LITIGANT;

9.  RECORDERS RECORD OF THE AUGUST 19, 2014 HEARING TO DECLARE APPELLANT AS A VEXATIOUS LITIGANT BEFORE JUDGE CHARLES RAMSAY.